[No. B042452. Second Dist., Div. Six. Mar. 23, 1990.]

THE PEOPLE, Plaintiff and Appellant, v.
ERNESTO GONZALEZ, Defendant and Respondent.

**COUNSEL**

Michael D. Bradbury, District Attorney, and Michael D. Schwartz, Deputy District Attorney, for Plaintiff and Appellant.

Kenneth I. Clayman, Public Defender, and Duane A. Dammeyer, Deputy Public Defender, for Defendant and Respondent.

**OPINION**

**ABBE, J.—** ██ The People appeal following an order granting a writ of habeas corpus and precommitment credit to a misdemeanant committed to the California Rehabilitation Center (CRC) for 16 months concurrently with another 16-month commitment for a felony. (Pen. Code, § 1506; Health & Saf. Code, § 11550; Welf. & Inst. Code, § 3050 et seq.) Appellant contends it was error to award the credit.[1] We agree.

The facts are undisputed. In relevant part, appellant was committed to CRC concurrently for a felony and four misdemeanors, filed as two separate matters. Precommitment credit of 96 days was granted on the CRC commitment in the case arising from the felony, but no such credit was granted at first in that arising from the misdemeanors. Subsequently, 90 days of precommitment credit was granted in the misdemeanor commitment.

The People's contention is well taken. Precommitment credit is not applicable to commitments arising from misdemeanors (see Welf. & Inst. Code, § 3201, subd. (c)), until the person committed has been returned to the criminal courts for further proceedings or execution of the remainder of his sentence. (*In re Jiminez* (1985) 166 Cal.App.3d 686, 693-694 [212 Cal.Rptr. 550].) The CRC commitment is for treatment and may exceed the period

---

[1] During the pendency of the appeal, respondent completed the 16-month commitment and has moved for dismissal of the appeal as moot. The motion is denied. (*People v. Gibson* (1988) 204 Cal.App.3d 1425, 1429 [252 Cal.Rptr. 56].)

otherwise available for punishment, had no commitment been ordered. (See *People* v. *Gray* (1977) 72 Cal.App.3d 18, 21-22 [139 Cal.Rptr. 805].)

The order under review is reversed, and the superior court is directed to delete the 90 days of credit awarded on May 19, 1989.

Stone (S. J.), P. J., and Gilbert, J., concurred.